**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **INGRID MARJORIE ESTRADA-GOMEZ** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-3293-G** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Ingrid Marjorie Estrada-Gomez, a noncitizen proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging her detention by the U.S. Immigration and Customs Enforcement. Doc. 1. However, Petitioner did not include a handwritten signature on the Petition. This deficiency must be cured before the Petition can proceed.

Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides that "[t]he petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."[1] Section 2242 requires that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." Here, the Petition includes only a typed version of Petitioner's name, not a handwritten signature. Doc. 1 at 3. This is not sufficient. *See*

---

[1] The Court may apply the Habeas Rules to § 2241 petitions. *See* Habeas Rule 1(b).

*Wynn ex rel. Wynn v. United States*, No. 5:25-CV-00214, 2025 WL 1884779, at *1 (E.D. Ky. July 8, 2025) ("To be clear, a petitioner must hand write his signature in pen and ink: typing a name is not sufficient."); *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (reading "the requirement of a signature to indicate . . . a name handwritten.").[2]

Accordingly, Petitioner must cure this deficiency before this action may proceed. To cure the deficiency, Petitioner may do one of two things. She may either:

(1) File an amended petition signed either (a) by herself using her own handwritten signature or (b) by an attorney authorized to sign it on Petitioner's behalf. If she chooses to file an amended petition, the amended petition will supersede and replace Petitioner's original Petition. *See, e.g., Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended [petition] ordinarily supersedes the original and renders it of no legal effect.").

(2) Alternatively, Petitioner may sign the signature page (page 3 by the CM/ECF header) of the existing Petition. If Petitioner chooses to sign the existing Petition, she must do so with her own handwritten signature. The Court will treat this as a supplement to the Petition.

Petitioner must cure the deficiency **not later than December 7, 2026.** Failure to do so may result in dismissal of the Petition. The Clerk of Court is **DIRECTED** to send Petitioner a copy of page 3 of the Petition with this Order.

**IT IS SO ORDERED** this 16th day of November, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, this Court limits submission of documents with "s/ [name]" signatures to (i) documents signed by attorneys and (ii) documents that satisfy additional requirements not met by the Petition. *See* ECF Policies & Procedures Manual § II(C)(1)(a), (3)(a).